```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT
                                        :
UNITED STATES OF AMERICA                :
                                        :
     v.                                 :    No. 2:00-CR-49
                                        :
FRANKLIN ZWIERS,                        :
     Defendant.                         :
                                        :
```

## MEMORANDUM AND ORDER

The Defendant, Franklin Zwiers, is charged with one count of conspiracy to import ecstasy and one count of conspiracy to distribute ecstasy. The government moves to introduce evidence at trial that Zwiers took part in two ecstasy smuggling operations in addition to the charged scheme. For the reasons stated below, the government's motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

The charges against Zwiers arise out of an alleged conspiracy involving the importation of ecstasy, also known as 3,4 methylenedioxymethamphetamine or MDMA, into the United States. The government intends to present evidence that in September and October of 1999, Zwiers took part in the shipping of cosmetics containers from Europe to the United States (the "Fall 1999 shipments"); that those containers contained ecstasy pills packed inside the cosmetics; and that Zwiers was paid for the shipments by various co-conspirators. According to the

government, Zwiers acknowledged to government agents that he made shipments to the United States as part of his cosmetics business, but he denied knowing that any of the shipments contained ecstasy.

In the instant motion, the government seeks to introduce evidence that Zwiers took part in two ecstasy importation schemes in addition to the one alleged in the Indictment. The first involved a series of shipments of ecstasy in cosmetics containers to a Florida company called Dermatus between April and August 1999 (the "Dermatus shipments"). The government is prepared to present testimony from two individuals, Eric Henz and Carlos Braga, who have been convicted of federal ecstasy trafficking charges in Florida. Henz and Braga will testify about Zwiers' role in the Dermatus shipments, including his personal involvement in packing ecstasy into the containers and his travel to Florida for payment. The government intends to present evidence that the Dermatus shipments were packaged in the same way as the Fall 1999 shipments that are the subject of the charged offenses.

The government also seeks to introduce evidence of a scheme involving the shipment of ecstasy to Florida in used engines in February 2000 (the "engine shipments"). The government intends to introduce Dutch court records as evidence that Zwiers took part in the scheme and that he hired one Robert Savijn, who later

pled guilty to his part in the conspiracy, to assist with the importation. Zwiers was also charged in connection with the conspiracy and was found guilty by a Dutch court. He has appealed that conviction, however, and the appeal is still pending.

## II. DISCUSSION

### A. The governing law

In general, the admissibility of uncharged prior crimes or bad acts is governed by Fed. R. Evid. 404(b), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

The Court must apply a three-part analysis in determining whether evidence is admissible under Rule 404(b):

> First, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. Second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

United States v. Trujillo, 376 F.3d 593, 605 (2d Cir. 2004).

In some cases, uncharged acts evidence may be admitted without undergoing the Rule 404(b) analysis. For example, "[w]hen the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy

itself." United States v. Thai, 29 F.3d 785, 812 (2d Cir. 1994). In addition, an uncharged crime is admissible outside of the Rule 404(b) framework if it "arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime [on] trial." United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989).

**B. The Dermatus shipments**

The government first argues that with respect to the Dermatus shipments, the Court need not even apply the Rule 404(b) analysis because those shipments involved the same series of transactions as the charged offenses and because they are necessary to complete the story of the crime on trial. The Court disagrees. Although the Fall 1999 shipments and the Dermatus shipments appear to have been carried out in a similar manner, there is no evidence that they were undertaken by the same set of conspirators or that they were part of a single operation. The individuals who pled guilty in connection with the Dermatus shipments, Henz and Braga, have not been charged in connection with the Fall 1999 shipments. Accordingly, based on the available evidence, there is no indication that the Dermatus shipments fell within the same series of transactions as the Fall 1999 shipments or that they are necessary to complete the story

of the charged offenses.

Nevertheless, the Court concludes that the evidence relating to the Dermatus shipments is admissible under Rule 404(b). To find the first element of the Rule 404(b) test satisfied, it is unnecessary for the Court to make a finding that the uncharged act actually occurred; it need only find that "there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." Huddleston v. United States, 485 U.S. 681, 685 (1988). In this case, the government's proposed evidence consists of first-hand testimony about Zwiers' involvement by individuals who pled guilty to participation in the conspiracy. This evidence would be sufficient to permit a jury finding that Zwiers took part in the shipping of ecstasy to Dermatus.

The second element of the Rule 404(b) test is satisfied as well, because the evidence of the Dermatus shipments is relevant to Zwiers' knowledge, intent, opportunity, preparation, and plan with respect to the charged offenses. See, e.g., Trujillo, 376 F.3d at 605-06 (holding, in a marijuana conspiracy case, that evidence of separate but similar marijuana smuggling shipments by the defendant was admissible to prove intent, plan, opportunity, and motive). Here, to prevail at trial, the government must prove that Zwiers was aware that there was ecstasy in the Fall 1999 shipments and that he was an intentional, not an unwitting,

participant in the scheme.  According to the government's proposed evidence, the Dermatus shipments took place in the months immediately preceding the Fall 1999 shipments, and they were packed and shipped in a substantially similar manner, involving ectasy secreted in cosmetics jars.  Accordingly, evidence that Zwiers was aware that the similar Dermatus shipments contained ecstasy would be relevant to whether he was a knowing and intentional participant in the scheme involving the Fall 1999 shipments.  Similarly, evidence that he used a similar and unusual method of shipping ecstasy would be relevant to his opportunity, preparation, and plan in the charged offense.

Finally, the evidence of the Dermatus shipments satisfies the third element of the test because its probative value is not substantially outweighed by its prejudicial effect.  As discussed above, because of the substantial similarities between the Dermatus shipments and the Fall 1999 shipments, the evidence would be probative of whether Zwiers was a knowing and intentional participant in the charged conspiracy.  Zwiers argues that the evidence would be unfairly prejudicial because it relies upon the testimony of convicted felons who have apparently signed cooperation agreements with the government.  At trial, however, Zwiers will be free to cross-examine the witnesses and cast doubt on their credibility by eliciting evidence of bias or improper motive.  Moreover, the possibility of prejudice will be further

reduced by Zwiers' entitlement to a limiting instruction directing the jury to consider the evidence for proper purposes only and not as evidence of criminal propensity.  See Fed. R. Evid. 105; United States v. Pipola, 83 F.3d 556, 566 (2d Cir. 1996).

Accordingly, because the government's proposed evidence regarding the Dermatus shipments meets the standards for admissibility under Rule 404(b), the government's motion will be granted with respect to that evidence.

**C. The engine shipments**

In contrast to the Dermatus shipments, the engine shipments do not meet the standard for admissibility under Rule 404(b). With respect to the first element of the Rule 404(b) test, there is some doubt as to whether there is sufficient evidence to permit a jury to find that Zwiers committed the uncharged crime. Although Zwiers was convicted in Dutch court in connection with the engine shipments, that conviction is currently on appeal and thus it is not final.  Moreover, the government proposes to prove Zwiers' participation in that scheme through the use of court documents, rather than live witnesses.  This would afford Zwiers no opportunity for cross-examination and would limit the reliability of the evidence.  These factors, while not necessarily dispositive, weigh against admission of the evidence.

In addition, the evidence relating to the engine shipments

fails to satisfy the second element of the test.  The Second Circuit permits "proof of prior bad acts to show identity where the defendant used *very similar methods* in the charged crime and the prior bad act."  United States v. Tubol, 191 F.3d 88, 95 (2d Cir. 1999) (emphasis added).  By contrast, "[i]f the government cannot identify a similarity or some connection between the prior and current acts, then evidence of the prior act is not relevant to show knowledge and intent."  United States v. Garcia, 291 F.3d 127, 137 (2d Cir. 2002).

In this case, the Fall 1999 shipments and the engine shipments were separated by several months, they involved different conspirators, and they employed entirely different packing materials and shipping methods.  The only similarity between the two sets of shipments was that both allegedly involved the covert shipping of ecstasy.  This connection is insufficient to satisfy the Rule 404(b) standard.  See, e.g., Garcia, 291 F.3d at 138 (holding prior acts evidence inadmissible where "[t]he only similarity between the two drug transactions [was] that both involved cocaine"; Tubol, 191 F.3d at 96 (holding that the defendant's alleged use of a hoax bomb in the past was insufficiently similar to the charged bombing offense).

Finally, the prejudicial effect of admitting evidence of the engine shipments would substantially outweigh its relatively slight probative value.  Because of the differences in the modus

8

operandi employed in the engine shipments and the Fall 1999 shipments and because the Dutch conviction is not final, the jury would not be substantially assisted by the additional evidence. On the other hand, there is a risk that the jury would improperly interpret the evidence as an indication of Zwiers' criminal propensity.  This prejudice would be enhanced by the fact that unlike the witness testimony regarding the Dermatus shipments, the Dutch court records regarding the engine shipments would not be subject to cross-examination.

    For these reasons, the evidence relating to the engine shipments is not admissible under Rule 404(b) or any other provision of the Rules of Evidence, and the government's motion will be denied with respect to that evidence.

## CONCLUSION

    For the foregoing reasons, the government's motion to admit other crimes evidence is GRANTED as to the Dermatus shipments and DENIED as to the engine shipments.


Dated at Burlington, Vermont this 13th day of January, 2006.


                                               /s/ William K. Sessions III
                                               William K. Sessions III
                                               Chief Judge